UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ravenna School District Board of Education, | ) | |
| | ) | CASE NO.: 5:11CV1596 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | ORDER |
| Benita Williams, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiff Ravenna School District Board of Education's

motion for summary judgment.  The Court has closely reviewed the motion and determined that

appointing counsel to Defendants to oppose the motion would be futile.  Upon review of the

motion and applicable law, the motion is GRANTED.

**I.      Facts**

Defendant Benita Williams is the mother of D.W.  At the relevant times, D.W. was a

student in the Ravenna School District.  D.W. was identified as a child with a disability as

defined by the Individuals with Disabilities Education Improvement Act ("the IDEA") during her

high school career.  On August 6, 2010, D.W. turned 18.  Thereafter, on May 12, 2011, Williams

filed a due process complaint related to D.W.'s education plan.

Plaintiff Ravenna School District Board of Education ("the Board") challenged the

sufficiency of the due process complaint.  Specifically, the Board argued that Williams lacked

standing to pursue the complaint because D.W. had turned 18 and the events in question had

occurred after D.W. had turned 18.  The independent hearing officer construed the challenge as a

motion to dismiss and denied the motion.   The Board appealed the decision to a state level

review officer ("SLRO").  On June 13, 2011, the SLRO affirmed the decision of the independent

hearing officer, finding Williams to be a proper party.

The Board filed this action on August 2, 2011.  The Board sought to overturn the SLRO's

decision and stay any further proceedings on the due process complaint filed by Williams.  The

Court declined to stay the administrative proceedings, but allowed the Board to file a dispositive

motion.  The Court now resolves that motion.

II.     **Legal Standard**

The Sixth Circuit has recently explained this Court's review in an IDEA action as

follows:

> When an IDEA action is filed, the district court: "(i) shall receive the records of
> the administrative proceedings; (ii) shall hear additional evidence at the request of
> a party; and (iii) basing its decision on the preponderance of the evidence, shall
> grant such relief as the court determines is appropriate." 20 U.S.C. §
> 1415(i)(2)(C). In so doing, the district court "should make an independent
> decision based on the preponderance of the evidence but also should give 'due
> weight' to the determinations made during the state administrative process." *Deal
> v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840, 849 (6th Cir. 2004) (citing B*d. of
> Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206
> (1982)).
>
> In applying this "modified de novo" standard of review, district courts may not
> "simply adopt the state administrative findings without an independent re-
> examination of the evidence," nor may they "substitute their own notions of
> sound educational policy for those of the school authorities which they review."
> *Id.* (quoting *Doe ex rel. Doe v. Metro. Nashville Pub. Schs.*, 133 F.3d 384, 387
> (6th Cir. 1998) and *Thomas v. Cincinnati Bd. of Educ.*, 918 F.2d 618, 624 (6th
> Cir. 1990)). The amount of "due weight" afforded to the administrative findings
> varies depending on whether such findings are based on educational expertise.
> *McLaughlin v. Holt Pub. Schs. Bd. of Educ.*, 320 F.3d 663, 669 (6th Cir. 2003).
> "Less weight is due to an agency's determinations on matters for which
> educational expertise is not relevant.... More weight is due to an agency's
> determinations on matters for which educational expertise is relevant." *Id.* Stated
> succinctly, a district court "may set aside administrative findings in an IDEA case

> only if the evidence before the court is more likely than not to preclude the administrative decision from being justified based on the agency's presumed educational expertise, a fair estimate of the worth of the testimony, or both." *Bd. of Educ. of Fayette Cnty., Ky. v. L.M.*, 478 F.3d 307, 312–13 (6th Cir. 2007) (internal quotation marks and citation omitted).

*Woods v. Northport Public School*, 2012 WL 2612776, at *4 (6th Cir. July 5, 2012).  With this standard in mind, the Court reviews the Board's pending motion.

### III.    Legal Analysis

The Board's complaint challenges solely a legal conclusion.  As such, the Court need not state in detail the underlying issues in the due process complaint.  However, important to the Court is the fact that Williams' due process complaint alleged that D.W. should have received extended school year services during the summer of 2011, once D.W. had already turned 18.  Based upon these facts, the Board asserts that judgment should be granted in its favor and the due process complaint should be dismissed.  The Court agrees.

> 20 U.S.C. § 1415(m)(1)(B) provides as follows:
>
> (m) Transfer of parental rights at age of majority
>
> (1) In general
>
> A State that receives amounts from a grant under this subchapter may provide that, when a child with a disability reaches the age of majority under State law (except for a child with a disability who has been determined to be incompetent under State law)—
>
> …
>
> (B) all other rights accorded to parents under this subchapter transfer to the child[.]

Ohio has chosen to exercise this right provided by the IDEA.  Specifically, Ohio Administrative Code §3301-51-05(D)(1)(b) provides:

> (D) Transfer of parental rights at age of majority

> (1) When a child with a disability reaches the age of majority under Ohio law (eighteen years of age) that applies to all children (except for a child with a disability who has been determined to be incompetent under Ohio law):
>
> …
>
> (b) All rights accorded to parents under Part B of the IDEA and Chapter 3323. of the Revised Code transfer to the child[.]

The Board urges that the SLRO and the independent hearing officer both erred by failing to follow the plain language of Ohio's Administrative Code.  The Board also asserts that the administrative agency erred in relying upon *Winkelman ex rel. Winkelman v. Parma City School Dist. Bd. of Educ.*, 550 U.S. 518 (2007), to support their decisions.

> The Supreme Court in *Winkleman* defined the issued presented therein as follows:
>
> The question is whether parents, either on their own behalf or as representatives of the child, may proceed in court unrepresented by counsel though they are not trained or licensed as attorneys. Resolution of this issue requires us to examine and explain the provisions of IDEA to determine if it accords to parents rights of their own that can be vindicated in court proceedings, or alternatively, whether the Act allows them, in their status as parents, to represent their child in court proceedings.

*Id.* at 520.  The Court then held:  "We conclude IDEA grants parents independent, enforceable rights. These rights, which are not limited to certain procedural and reimbursement-related matters, encompass the entitlement to a free appropriate public education for the parents' child." *Id.* at 533.

In denying the Board's motion to dismiss, the independent hearing officer reviewed *Winkleman* and concluded:  "Even after the transfer of the child's rights to that child upon reaching the age of eighteen, the parent retains the parent's independent rights under both the IDEA and Ohio's Operating Standards."  Doc. 1-3 at 6.  This conclusion, however, would entirely negate Ohio Administrative Code §3301-51-05(D)(1)(b).  As detailed above, this provision *transfers* **all** the rights of the parent to the child at the age of 18.  Thus, *Winkleman*'s

conclusion that the parent has independent rights is explicitly acknowledged by the administrative code and provides for those rights to be transferred.  Under the analysis of the hearing officer, no rights could ever be transferred because the parents always retain their rights. As such, the hearing officer's rational must be rejected as in conflict with the plain, unambiguous language of the administrative code and the IDEA.

The Court notes that the Seventh Circuit was presented with an identical issue and reached the same conclusion in *Loch v. Edwardsville School Dist. No. 7*, 327 Fed. Appx. 647 (7th Cir. 2009):

> The Lochs first challenge the district court's order dismissing for lack of standing Thomas and Glenna's claims under the IDEA. The Lochs are correct that parents have individual enforceable rights under the IDEA, s*ee Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 526 (2007), but under Illinois law those rights are transferred to the student when that student reaches majority, see 20 U.S.C. § 1415(m)(1) (allowing states to transfer parental rights to student who has reached majority and has not been found incompetent); 23 IL ADC § 226.690 (transferring rights). Kayla was eighteen when the Lochs filed this action and so she alone can assert claims under the IDEA.

*Id.* at 650.  Accordingly, there is no question that the hearing officer and SLRO erred in concluding that Williams retained rights once her daughter reached the age of majority.

Based upon the above, the Board's motion for summary judgment is GRANTED.  The decisions of the hearing officer and the SLRO are in error.  The due process complaint filed by Williams, Case No. SE 2574-2011, is ordered dismissed.

IT IS SO ORDERED.


Dated:  August 9, 2012                                        */s/ John R. Adams_____*
                                                             JUDGE JOHN R. ADAMS
                                                             UNITED STATES DISTRICT COURT